IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERROLD DOLINS, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY; CONTINENTAL ASSURANCE COMPANY; CNA FINANCIAL CORPORATION; INVESTMENT COMMITTEE OF THE CNA 401(k) PLUS PLAN; NORTHERN TRUST COMPANY; AND DOES 1 through 10,<br><br>Defendants. | Civil Action No.: 1:16-cv-08898 |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING THE CLASS, APPROVING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiff's Class Action Complaint, dated September 14, 2016, with respect to the CNA 401(k) Plus Plan (the "Plan").[1]

Presented to the Court for preliminary approval is a proposed Settlement of the litigation as against all Defendants. The terms of the proposed Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), fully executed on June 5, 2018, on behalf of the Class Representative and Defendants (the "Parties"). Plaintiff has filed an

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

1

Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion"), pursuant to which the Court has considered, among other things, whether to approve preliminarily the proposed Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Settlement Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing. Upon reviewing the Settlement Agreement, all of the documents submitted in support of the Preliminary Approval Motion, and the record in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    <u>Class Findings.</u> The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

    A. The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

    B. The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class. Rule 23(a)(2) is satisfied.

    C. The Court preliminarily finds that the claims of Jerrold Dolins (the "Class Representative") are typical of the claims of the Settlement Class. Rule 23(a)(3) is satisfied.

    D. The Court preliminarily finds that the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the Class Representative's interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among

the Class Representative and the Settlement Class; and (iii) the Class Representative and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions. Rule 23(a)(4) is satisfied.

E. The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

F. The Court preliminarily finds that Keller Rohrback L.L.P. and Levun, Goodman & Cohen, LLP ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel have done extensive work identifying and investigating potential claims in the action, successfully opposed motions to dismiss filed by Defendants, reviewed documents produced to them by Defendants, and negotiated the Settlement through a several-month-long process, including mediation. Class Counsel are experienced in handling ERISA and other class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2. <u>Class Certification.</u> Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rule of Civil Procedure 23(b)(1) and 23(e) in this litigation (the "Settlement Class"):

> All persons who were or are participants in or beneficiaries of the Plan and who had funds in their Plan accounts invested in the CNA Fixed Income Fund at any time between January 1, 2012, and May 2, 2018.
>
> Excluded from the Class are any and all individuals who were members of the Plan's Investment Committee at any time from November 16, 2009, through May 2, 2018.

The Court preliminarily appoints Jerrold Dolins as the Class Representative for the Settlement Class, and Keller Rohrback L.L.P. and Levun, Goodman & Cohen, LLP as Class Counsel for the Settlement Class.

3. <u>Preliminary Findings Regarding Proposed Settlement</u>. The Court preliminarily finds that:

    A. The proposed Settlement resulted from informed, extensive arm's-length negotiations that took place over multiple months and were facilitated by an experienced third-party mediator, Hunter Hughes, Esq.;

    B. Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and

    C. The proposed Settlement is within the range of being sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. <u>Final Fairness Hearing.</u> A hearing is hereby scheduled for September 20, 2018, at 9:15 a.m. (the "Fairness Hearing") to determine, among other things:

    A. Whether the Settlement should be approved as fair, reasonable, and adequate;

    B. Whether the Plan of Allocation should be approved;

    C. Whether the Complaint should be dismissed with prejudice pursuant to the terms

of the Settlement Agreement;

D. Whether the notice to the class provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

E. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

F. Whether the application for payment of attorneys' fees and expenses to Class Counsel, and for an Incentive Award to the Class Representative should be approved.

5. <u>Class Notice Program.</u> The proposed Class Notice Program consists of: (a) sending a notice ("Class Settlement Notice," attached as Exhibit A hereto) by U.S. Mail to the last known addresses of members of the Settlement Class; (b) to the extent reasonably feasible, sending the Class Settlement Notice by e-mail to the members of the Settlement Class; and (c) an internet publication of the Settlement Agreement and the Class Settlement Notice at www.kellersettlements.com. With respect to such Class Notice Program, the Court finds that such Program fairly and adequately:

A. Describes the terms and effect of the Settlement Agreement;

B. Notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and any Incentive Award to the Class Representative, will be paid according to § 10 of the Settlement Agreement;

    C. Notifies the Settlement Class of the proposed Plan of Allocation of settlement proceeds;

    D. Gives notice to the Settlement Class of the time and place of the Fairness Hearing;

    E. Advises members of the Settlement Class that they do not have the right to opt out of the Settlement Class;

    F. Advises members of the Settlement Class of the binding effect of a judgment on members of the Settlement Class; and

    G. Describes how Settlement Class members may object to any of the relief requested. The Court directs that:

    i. No later than 30 days after entry of this Preliminary Approval Order, the Class Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, shall be sent to each Person within the Settlement Class who can be identified by the Defendants with reasonable efforts. Such notice shall be sent by First Class U.S. Mail and email to the last known address for members of the Settlement Class. Defendants shall provide names and last known addresses of the Settlement Class members, to the extent reasonably available, in electronic format at least 10 days prior to the deadline for mailing notice.

    ii. No later than 30 days after entry of the Preliminary Approval Order, Class Counsel shall cause the Settlement Agreement and the Class Settlement Notice to be published on the website identified in the Class Settlement Notice.

    iii. At or before the Fairness Hearing, Class Counsel shall file with the Court a

proof of timely compliance with the foregoing Notice Program mailing and publication requirements.

Class Counsel may retain the services of a settlement administrator to assist with the foregoing notice provisions, and with the Plan of Allocation, as necessary.

6. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the application for payment of attorneys' fees and expenses, or to the application for an Incentive Award for the Class Representative, may timely file an Objection in writing no later than 28 days prior to the Fairness Hearing. All written objections and supporting papers must: (1) clearly identify the case name and number "*Dolins v. Continental Casualty Company, et al.*, No. 1:16-cv-08898" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendants' Counsel at the addresses below on or before 28 days prior to the Proposed Fairness Hearing; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (8) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

<u>To the Court</u>:

Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604
Re: *Dolins v. Continental Casualty Company, et al.*, No. 1:16-cv-08898

7

<u>To Class Counsel</u>:

Jeffrey Lewis
Erin Riley
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Fax: (206) 623-3384

<u>To Defendants' Counsel</u>:

Ian H. Morrison
SEYFARTH SHAW LLP
233 South Wacker Street, Suite 8000
Chicago, Illinois 60606-6448
Fax: (312) 460-7000

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must file the objection with the Court by no later than 28 days prior to the Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph may be deemed to have waived, and may be foreclosed from raising, any objection to the Settlement, and any untimely objection may be barred.

7. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.

8. <u>Notice Expenses</u>. The expenses of printing and mailing all notices required hereby shall be paid as provided in §§ 8.2 & 10.1 of the Settlement Agreement.

9. <u>Supporting Papers</u>. Moving papers in support of the Settlement, Plan of Allocation and application for attorneys' fees and expenses and case contribution awards to the Class Representative shall be filed with the Court and served no later than 45 days before the Fairness Hearing. If reply papers are necessary, they shall be filed with the Court and served no later than 7 days before the Fairness Hearing. Class Counsel shall also file a compilation of all

objections and requests to appear at the Fairness Hearing they have received, if any, no later than 7 days before the Fairness Hearing.

10. Service of Papers. Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11. Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement. In such event, § 9.1 of the Settlement Agreement shall govern the rights of the parties.

12. Use of Order. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Class Representative, or the Settlement Class.

13. Continuance of Hearing. The Court may continue the Fairness Hearing without further written notice.

14. Bar Order: From the date of this Order until the date upon which the Court decides the motion for final settlement approval, all Settlement Class members shall be barred from filing any complaints, demands, lawsuits, or other actions in any court or with any government agency regarding the Released Claims described in the Settlement Agreement.

June 7, 2018

_____
Judge Gary Feinerman
United States District Judge
Northern District of Illinois