IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERROLD DOLINS, on behalf of himself, and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CONTINENTAL CASUALTY COMPANY; CONTINENTAL ASSURANCE COMPANY; CNA FINANCIAL CORPORATION; INVESTMENT COMMITTEE OF THE CNA 401(k) PLUS PLAN; NORTHERN TRUST COMPANY; AND DOES 1 through 10,<br><br>        Defendants. | Civil Action No.: 1:16-cv-08898 |

## ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), set forth in Plaintiff's Class Action Complaint dated September 14, 2016, with respect to the CNA 401(k) Plus Plan (the "Plan").[1]  The Parties fully executed a Class Action Settlement Agreement on June 5, 2018.  The Settlement Agreement was filed on June 5, 2018 ("Settlement" or "Settlement Agreement").

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated June 7, 2018, preliminarily

---

[1] This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

certifying the putative class in this Lawsuit for settlement purposes, ordering a Class Notice to be mailed and to be published on the internet, scheduling a Fairness Hearing for September 20, 2018, at 9:15 a.m., and providing the members of the Settlement Class with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on September 20, 2018, at 9:15 a.m., to determine whether to give final approval to the proposed Settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Lawsuit and all Parties to the Lawsuit, including all members of the Settlement Class.

2. The Class this Court previously certified preliminarily in its Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2). The Class consists of:

> All persons who were or are participants in or beneficiaries of the Plan who had funds in their Plan accounts invested in the CNA Fixed Income Fund at any time between January 1, 2012, and May 2, 2018. Excluded from the Class are any and all individuals who were members of the Plan's Investment Committee at any time from November 16, 2009, through May 2, 2018.

3. The Court finds that the Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representative and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a

risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5.  Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that class representative Jerrold Dolins is a member of the Settlement Class, his claims are typical of those of the Settlement Class, and he fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Lawsuit. Accordingly, the Court hereby appoints Jerrold Dolins as the Settlement Class Representative.

6.  Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P. and Levun, Goodman & Cohen, LLP, as Class Counsel to represent the members of the Settlement Class.

7.  The appointment of Class Counsel and the appointment of the Settlement Class Representative are fully and finally confirmed.

8.  The Court directed that Class Notice be given pursuant to the Notice Program—proposed by the Parties and approved by the Court. The Notice Program consists of: (a) mailing the Class Settlement Notice to last known addresses of members of the Settlement Class and (b) internet publication of the Settlement Agreement and the Class Settlement Notice at the settlement website. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) on or about July 6, 2018, approximately 7,281 copies of the Class

Notice were mailed to members of the Settlement Class; and (2) on or about July 6, 2018, the Settlement Agreement and long-format Class Notice were posted to the Settlement website: *www.kellersettlements.com*.

9. The Notice Program advised members of the Settlement Class of the following: the terms of the Settlement; the Fairness Hearing and the right to appear at such Fairness Hearing; the inability to opt out of the Settlement Class; the right to object to the Settlement, including the right to object to the Settlement and/or or the application for an award of attorneys' fees and reimbursement of expenses and/or the application for an incentive award for the Class Representative; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in § 4.1 of the Settlement Agreement.

10. The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law, and that is constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of the pendency of the Lawsuit, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 4.1 of the Settlement Agreement.

11. Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") was sent by Defendants on June 13, 2018. The Court finds that the parties complied with the requirements of CAFA.

12. The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a) The Settlement provides for significant financial benefit to the Plan and provides substantial financial payment of Plan benefits to the Settlement Class.

b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third-party mediator, Hunter Hughes. The Settlement is not the result of collusion.

c) The negotiations were supported by a robust investigation before commencement of the Lawsuit; the production and review of confidential documents protected by Fed. R. Evid. 408 during mediation discovery; and extensive legal and factual research on the issues in the case.

d) Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiff's claims and allegations, and have raised various factual and legal arguments in support of their vigorous defense in this Lawsuit.

Accordingly, the Settlement shall be and it hereby is approved and the Settlement Agreement is adopted in full as an Order of this Court.

13. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 4.1 of the Settlement Agreement and described below.

14. This Settlement, this Judgment, and/or the fact of Settlement do not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Lawsuit. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. Upon entry of this Order, the Settlement Class Members shall be deemed to have released the following claims: any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any prior to the Court's final approval of the Settlement, and that:

      A.    were asserted in the Lawsuit, and that might have been asserted in the lawsuit under any legal or equitable basis related in any way to the Plan's Fixed Income Fund;

      B.    relate to or arise out of the defense or settlement of the Lawsuit, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class Member;

      C.    would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judgment; or

      D.    relate to the investment by the Plan in group annuity contract GP-84111-R issued by the Continental Assurance Company (the "Contract"), the termination of the Contract, or the fact that that the Contract no longer is an investment in the Fixed Income Fund.

16.     The Class Representative's and Settlement Class Members' release will extend to Defendants, their subsidiaries, parent corporations, predecessors-in-interest, affiliated entities or sister corporations of any Defendant and all of their current and former agents, employees, shareholders, directors, officers, governors, committee members, attorneys, or agent, trustees, fiduciaries (including de facto fiduciaries), representatives, insurers, reinsurers, consultants, administrators, employee benefit plans, investment advisors, investment and underwriters..

17.     This release shall not extend to claims (1) related to the enforcement of the Settlement Agreement, including, but not limited to, the implementation of the Plan of Allocation and the allocation and distribution of the Net Settlement Amount by the Plan to the Settlement Class Members (except as set forth in the following sentence); or (2) for individual or vested benefits separate from the claims asserted in the Lawsuit that are not within the scope of

7

items 1-4 above. The Parties are not liable for any claims of Settlement Class members based upon calculations performed by the Settlement Administrator, except to the extent the error results from the provision of incorrect data by the Plan. The Released Claims shall not include any claims that cannot be waived by law.

18. Upon entry of this Order, CNA shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representative and Class Counsel from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Lawsuit except to enforce the Releases and other terms and conditions contained in the Settlement Agreement or any Court order (including, but not limited to, this Order and Judgment) entered pursuant thereto. The Class Representative warrants and represents that he does not have access to or know the terms of all confidentiality agreements, employment agreements, and terms of his employment with CNA that may require him to keep confidential any CNA information, but warrants and represents that he has not knowingly or intentionally violated any obligation he has to CNA by conveying to anyone any CNA confidential information in respect of this litigation. CNA warrants and represents that it does not currently know of any basis to make a claim against the Class Representative with respect to his prosecution, assertion, settlement or resolution of this litigation.

19. The Plan of Allocation summarized in the Class Notice, and filed with the Court prior to the Fairness Hearing, is approved as fair and reasonable, and Class Counsel are directed to arrange for the administration of the Settlement in accordance with its terms and provisions.

20. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $5,000,000 minus the following: (a) the Class

Representative's fee set forth in Paragraph 21, below; (b) $35,314.18 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Lawsuit; and (c) the fees and expenses of the Settlement Administrator. The attorneys' fees and expenses so awarded shall be paid out of the Settlement Amount to be paid by Defendants, pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

21. Class Representative Jerrold Dolins is hereby awarded an Incentive Award in the amount of $10,000.00, which the Court finds to be fair and reasonable. The Incentive Award shall be paid out of the Settlement Amount pursuant to the terms of the Settlement Agreement.

22. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

23. The Court hereby otherwise dismisses with prejudice the Lawsuit and all Released Claims identified in § 4.1 of the Settlement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 21 hereof.

24. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 20th day of September, 2018.

_____
Judge Gary Feinerman
United States District Judge
Northern District of Illinois

9